JOSEPH CUTLER *vs.* JOHN BUBIER.

On the trial of an action brought by the assignee of an insolvent debtor, in which the fact of unlawful interest having been taken or reserved from the debtor by the defendant is put in issue, and the debtor has testified, the defendant is admissible as a witness for himself under Rev. Sts. *c.* 35, § 4, although the debtor, his incompetency by reason of interest having been removed by *St.* 1852, *c.* 312, § 60, was a competent witness independently of the Rev. Sts.

ACTION OF TORT by the assignee of John Gooch, an insolvent debtor, to recover threefold the amount of usurious interest paid by Gooch before his insolvency. The declaration alleged that Gooch made and delivered his promissory note to the defendant for $300, payable in thirty days from its date, and the defendant lent to Gooch the amount of the note, after deducting interest at a greater rate than is allowed by law, and said unlawful interest was $21. The answer denied the usury.

At the trial, after Gooch had been admitted as a witness, the defendant offered himself as a witness, for the purpose of rebutting and contradicting the testimony of Gooch. To this the plaintiff objected, and *Metcalf*, J. sustained the objection. The jury returned a verdict for the plaintiff, and the defendant alleged exceptions.

*M. G. Cobb*, for the defendant.

*J. Cutler, pro se.* The main object of the Rev. Sts. *c.* 35, § 4, was to aid the borrower, by furnishing him means of protection against the extortion of the lender, with the subordinate purpose of aiding the lender only so far as to protect him against the borrower's abuse of his extraordinary privileges; and the lender

is not allowed to testify unless the borrower has testified, and testified by virtue of the statute in question. *St.* 1783, *c.* 55. *Bacon* v. *Robinson*, 7 Cush. 579. In this case, the borrower did not testify under this statute, but by virtue of the *St.* of 1852, *c.* 312, § 60, removing all incompetency by reason of interest. The statutes of usury, being in derogation of the common law, must be construed strictly. *Binney* v. *Merchant*, 6 Mass. 193. *Bacon* v. *Robinson*, 7 Cush. 579. *Brickett* v. *Minot*, 7 Met. 291.

The general structure of language upon this subject, in the *St.* of 1783, having been retained in the Rev. Sts., shows the intent to make no change, except so far as clearly and affirmatively expressed. The words " debtor " and " creditor," in the earlier statute, have been judicially construed to mean debtor and creditor who are parties to the suit; and that construction is to be retained in construing subsequent statutes upon the same subject. *Bacon* v. *Robinson*, 7 Cush. 580. *Binney* v. *Merchant*, 6 Mass. 193. *Putnam* v. *Churchill*, 4 Mass. 516. *Rutland* v. *Mendon*, 1 Pick. 156. *Sts.* 1825, *c.* 143, § 2 ; 1826, *c.* 27, § 5.

SHAW, C. J. That this action can be maintained by an assignee of an insolvent debtor, was determined on full consideration in *Gray* v. *Bennett*, 3 Met. 522. It is a right of action belonging to the estate, and passes by the assignment.

But upon the question of the admission of the defendant, the original lender of the money, as a witness, the court, under the circumstances, are of opinion that he was made a competent witness by statute. The question directly put in issue was whether more than six per cent. had been taken or reserved by the contract, upon a loan of money. The declaration alleges that the debtor gave his promissory note payable in one month, for $300, and the defendant lent him the money thereon, deducting for interest more than six per cent. This was an allegation that interest was reserved by the note, which was afterwards paid. In this respect the case is entirely distinguishable from that of *Brickett* v. *Minot*, 7 Met. 291.

The terms " debtor and creditor " in these statutes are now well understood to mean the original borrower and lender, whether they happen to be parties to the suit, or even parties to the con-

tract at the time of trial, or not. *Bacon* v. *Robinson*, 7 Cush. 579. *Gifford* v. *Whitcomb*, 9 Cush. 483.

The plaintiff had become entitled to the action by the assign-.ment, and Gooch, the insolvent, who by the construction of these statutes, being the original borrower, is "the debtor," had been called as a witness, and testified on the subject of the rate of interest reserved on the alleged loan.

Now the Rev. Sts. *c.* 35, § 4, provide, that "in the trial of any action, wherein it shall appear by the pleadings, that the fact of unlawful interest having been taken or reserved is put in issue, it shall be lawful for the debtor (the creditor being living) to become a witness, and he shall be admitted as such; and the creditor, if he shall offer his testimony, shall also be admitted as a witness, together with any other legal evidence that may be introduced by either party."

It is manifest that this case is within the words of the statute. The issue we have already stated; Gooch, the debtor, (Bubier, the creditor, being living) had been introduced and testified, Bubier, the creditor, offered his testimony, and the statute says he shall be admitted.

These provisions, we think, were intended to have their full effect, contrary to the rules of evidence at the common law, whether the debtor and creditor were parties to the suit or not, and therefore the above provision of the revised statutes would seem to be decisive. But it is contended on the part of the plaintiff, against the admission of the defendant, being a party to the suit, that the rule of the revised statutes, founded on a reciprocity of rights and duties, was intended to put the two original contracting parties on an equality; that as the law now stands, the borrower would be a competent witness, independently of the above provision; but the defendant, as a party to the suit, would not; and therefore the reason for allowing the defendant, though a party, has ceased, although the debtor has been called and testified.

But the court are of opinion that this consideration is not sufficient to take the case out of the plain provision of the statute. It is well known that the revised statutes have made

Cutler *v.* Bubier.

an entire change in the trial of usury. Formerly it was a trial by oath The law, no doubt, went on the assumption that the unlawful contract for usurious interest would generally be secret, and would only be known to the parties; and therefore, to prevent this great social evil, the parties themselves, contrary to the established rules of evidence excluding interested witnesses, and especially parties to the suit, should be called to decide the case by oath. The provision was that if the debtor would offer to swear, and, if required, would swear that usury was taken, it was a defence, unless the creditor would offer to swear, and, if required, would swear to the contrary. *St.* 1783, *c. 55, § 2.* It is believed that the practice was not actually to administer the oath to both parties, where one or the other must commit perjury; but it is manifest, whether both were sworn or not, the oath of the creditor must be decisive against the usury.

But when this policy was changed by the revised statutes, and a jury trial was to be substituted for the trial by oath, the legislature, still having regard to the secrecy of the offence, and the difficulty of obtaining much decisive evidence from other sources, intended so far to retain the old system as to admit both parties, whether parties to the suit or not, to testify; and, instead of making their oaths decisive, to submit their testimony to the jury, together with any other pertinent evidence, to decide the issue. Such having been the former course of trial, and such the policy of the revised statutes, expressly providing that if the debtor is examined, the creditor may be, we think this policy is not changed by a general modification of the law of evidence, by which, if the provision had not been made by the revised statutes, the debtor, in the present case, might have been examined, although the creditor could not be; and therefore that the testimony of the defendant in this case should have been admitted. *New trial ordered.*